# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **JEREMY R. DURHAM,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| **LARRY MARTIN**, as Commissioner of ) | |
| Finance and Administration of the State of ) | |
| Tennessee, in his official capacity; ) | |
| **CONNIE RIDLEY**, as Director of Legislative ) | |
| Administration for the State of Tennessee, in ) | |
| her official capacity; and **DAVID H.** ) | |
| **LILLARD, JR.**, as Treasurer of the State of ) | |
| Tennessee, in his official capacity. ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT
## FOR INJUNCTIVE RELIEF

### INTRODUCTION

1. Plaintiff Jeremy Durham brings this action to challenge the deprivation of his protected property interests in his state benefits, which deprivation stemmed from his expulsion from the Tennessee House of Representatives on September 13, 2016.

2. Plaintiff's expulsion took place during a special session constitutionally designated and limited by Article III, Section 9 of the Tennessee Constitution to address federal highway funds. The House had no authority under the Tennessee Constitution or state law to expel Plaintiff at this special session (as opposed to a regular legislative session).

3. This violation of Article III, Section 9 of the Tennessee Constitution, which limits special sessions to the specific purposes for which they are convened, resulted in the deprivation

1

of Plaintiff's protected property interest in his state benefits, specifically his pension and insurance benefits.

4. The people elected Plaintiff to the Tennessee House of Representatives in 2012 and again in 2014, where he served until his expulsion on September 13, 2016.

5. Defendants are public officials of the State of Tennessee. Each Defendant either oversees, administers, or regulates state insurance and benefit plans in some capacity.

6. Article III, Section 9 of the Tennessee Constitution states:

> [The Governor] may, on extraordinary occasions, convene the General Assembly by proclamation, in which he shall state specifically the purposes for which they are to convene; but they shall enter on **no legislative business except that for which they were specifically called together**.

Tenn. Const. Art. III, § 9 (emphasis added).

7. On September 2, 2016, Governor Bill Haslam issued a Proclamation to convene the Tennessee General Assembly for a special session. This Proclamation stated that the specific purpose of the special session was "considering and acting upon legislation necessary to ensure that Tennessee law prohibiting an individual under the age of 21 from operating a motor vehicle while intoxicated or under the influence of alcohol maintains compliance with 23 U.S.C. § 161" and other related purposes. *See* Proclamation, attached hereto as **Exhibit A**.

8. On the second day of the special session, September 13, 2016, Representative Susan Lynn (R – Mt. Juliet) introduced a motion to expel Plaintiff. The Tennessee House of Representatives expelled Plaintiff that same day.

9. As the direct and proximate result of his improper and unauthorized expulsion, Plaintiff has lost his lifetime health insurance benefits and has been so informed by the State's Benefits Administration Division.

10. Defendants' enforcement of this denial of Plaintiff's state benefits is based on an unauthorized, *ultra vires* expulsion that violated Article III, Section 9 of the Tennessee Constitution, and deprived Plaintiff of his constitutional due process rights.

## THE PARTIES

11. Plaintiff Jeremy R. Durham is a former member of the Tennessee House of Representatives for the 65th District of Tennessee. He is a resident of Franklin, Tennessee.

12. Defendant Larry Martin is the Commissioner of Finance and Administration for the State of Tennessee. He is responsible for administering the state benefit plans for elected members of state government. He is sued in his official capacity.

13. Defendant Connie Ridley is the Director of Legislative Administration for the State of Tennessee. She is responsible for all administrative matters and member benefits for the Tennessee General Assembly. She is sued in her official capacity.

14. Defendant David H. Lillard, Jr. is the Treasurer for the State of Tennessee. He oversees the daily operation of the State retirement system. He is sued in his official capacity.

## JURISDICTION AND VENUE

15. Plaintiff brings this action under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202 to redress the deprivation under color of state law of rights secured to him by the United States Constitution.

16. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 because the matters in controversy arise under the Constitution of the United States.

17. This Court has personal jurisdiction over Defendants.

18. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants reside or work in this District and a substantial part of the acts and events giving rise to this Complaint occurred in Nashville, Tennessee.

## FACTS

19. In 2012 and 2014, the people of District 65 elected Plaintiff to represent them in the Tennessee House of Representatives.

20. On September 2, 2016, Governor Bill Haslam announced he would call a special session upon learning that $60 million in federal highway funds was in jeopardy.[1]

21. When interviewed about the announcement, Governor Haslam stated that Plaintiff's expulsion would not be part of the special session's legislative business. When asked why he did not include Plaintiff's expulsion in the call for the special session, Governor Haslam stated, "That's not our role."[2]

22. The Governor's Proclamation set forth four specific items of legislative business for the Tennessee General Assembly to consider and act upon during the special session: (1) Legislation necessary to ensure that the DUI laws maintain compliance with 23 U.S.C. § 161 and the regulations promulgated thereunder; (2) Legislation to address any other instances of noncompliance or asserted noncompliance with federal statutes and regulations relating to federal-aid highway funding to be apportioned to Tennessee for federal fiscal year 2017; (3) Legislation to make appropriations sufficient to provide the first year's funding for any act which receives final passage during the extraordinary session; and (4) Legislation to make appropriations

---

[1] *See* Press Release from Governor's Office, available at http://www.tn.gov/governor/news/ 45267#sthash.6VOsM18F.dpuf.

[2] *See* Joel Ebert, *Haslam calls special session in effort to save $60M in highway funds*, THE TENNESSEAN, September 2, 2016, http://www.tennessean.com/story/news/politics/2016/09/02/haslam-calls-special-session-effort-save-60m-highway-funds/89778920/.

sufficient to pay the expenses of the extraordinary session of the General Assembly, including the expensing of carrying out any actions taken pursuant to this call. This Proclamation set forth no additional "purposes" for the special session. *See* Proclamation, attached hereto as **Exhibit A**.

23. During the special session, Rep. Lynn made a motion to expel Plaintiff on September 13, 2016.

24. The House then voted 70-2 to expel Plaintiff.

25. After the vote, Plaintiff inquired about the status of his health insurance in order to determine the new monthly premium for his family. On September 26, 2016, Plaintiff received a response from the State's Benefits Administration Division stating that Defendant Martin had decided Plaintiff's coverage would end on September 30, 2016. This response is attached hereto as **Exhibit B**.

## COUNT I
**(Denial of Due Process – Ultra Vires Expulsion Vote)**

26. Plaintiff incorporates by reference paragraphs 1-25 above.

27. Plaintiff had a protected property interest in his state benefits and was denied due process through the deprivation of these benefits.

28. Based on the plain language of Article III, Section 9 of the Tennessee Constitution and prior failed attempts to call a special session for the specific purpose of expelling him, Plaintiff had the reasonable understanding that he would retain his state benefits (lifetime health insurance and a state pension) at the end of his term.

29. Plaintiff was afforded no post-deprivation remedy to challenge his expulsion or deprivation of his state benefits.

30. Defendants thus deprived Plaintiff of his constitutional rights under color of state law in violation of 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

1. Find that Plaintiff had a protected property interest in his state benefits, and that Defendants denied Plaintiff of that property interest without due process of law;

2. Issue an injunction requiring Defendants to reinstate Plaintiff's state pension and health insurance coverage;

3. Award Plaintiff his costs, expenses, and reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 and applicable law; and

4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

SHERRARD ROE VOIGT & HARBISON, PLC

By:    /s/ William L. Harbison
William L. Harbison (No. 7012)
Michael G. Abelow (No. 26710)
Amy R. Mohan (No. 31238)
150 3rd Avenue South, Suite 1100
Nashville, Tennessee 37201
(615) 742-4200 – Telephone
(615) 742-4539 – Fax
bharbison@srvhlaw.com
mabelow@srvhlaw.com
amohan@srvhlaw.com

NEAL & HARWELL, PLC

By:    /s/ James F. Sanders
James F. Sanders (No. 5267)
William J. Harbison II (No. 33330)
1201 Demonbreun Street, Suite 2000
Nashville, Tennessee 37203
(615) 244-1713 – Telephone
(615) 726-0473 – Fax
jsanders@nealharwell.com
jharbison@nealharwell.com

*Counsel for Plaintiff*