UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JEREMY R. DURHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:17-cv-1172 |
| | ) | |
| STUART McWHORTER, as Commissioner of | ) | |
| Finance and Administration of the State of | ) | |
| Tennessee, in his official capacity; CONNIE | ) | |
| RIDLEY, as Director of Legislative Administration | ) | |
| for the State of Tennessee, in her official capacity; | ) | |
| and DAVID H. LILLARD, JR., as Treasurer of the | ) | |
| State of Tennessee, in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO STATEMENT
## OF UNDISPUTED MATERIAL FACTS

Defendants, Stuart McWhorter, Tennessee Commissioner of Finance and Administration; Connie Ridley, Director of Legislative Administration; and David H. Lillard, Jr., Treasurer of the State of Tennessee, in their official capacities only, hereby respond to Plaintiff's Statement of Undisputed Material Facts as follows:

1. Jeremy Durham was elected to the Tennessee House of Representatives in 2012 and reelected in 2014. (Amended Complaint ¶ 34 (Dkt. No. 33); Amended Answer ¶ 34 (Dkt. No. 63)).

**RESPONSE**: Undisputed.

2. In 2014, one of the benefits of getting elected to and serving a full two-year house term in Tennessee was the retention of lifetime health benefits. (*See* Tenn. Code Ann. § 8-27-208).

**RESPONSE**: Disputed. As is made plain by the language of Tenn. Code Ann. § 8-27-208, being elected to office does not entitle a member of the general assembly to lifetime health benefits. Members of the general assembly are eligible to retain retiree health benefits upon *retirement* from the General Assembly.

3. Accordingly, if after Mr. Durham's first full term he had either retired or decided not to pursue reelection, he would have been eligible for lifetime health benefits in 2014 after the completion of his first full term. (*See* Tenn. Code Ann. § 8-27-208).

**RESPONSE**: Undisputed that if, upon retirement after his first term expired in 2014, Mr. Durham would have been eligible to elect to retain retiree health benefits pursuant to Tenn. Code Ann. § 8-27-208.

4. On July 26, 2016, Director of Legislative Administration for the State of Tennessee, Connie Ridley, was quoted in the Tennessean newspaper stating, "All members of the general assembly who are elected to serve a full term of office as a member of the general assembly are eligible to continue their health insurance by paying the appropriate premium amount." (Amended Complaint ¶ 37, Amended Answer ¶ 37)

**RESPONSE**: Undisputed.

5. Mr. Durham was elected to serve a full term as a member of the General Assembly in 2012 and indeed, served a full term until 2014. Mr. Durham was re-elected to serve a full term as a member of the General Assembly in 2014. (Amended Complaint ¶ 34; Amended Answer ¶ 34)

**RESPONSE**: Undisputed.

6. On September 2, 2016, Governor Bill Haslam announced that he would call a special session after learning that sixty million dollars in federal highway funds was in jeopardy. (Amended Complaint ¶ 44; Amended Answer ¶ 44)

**RESPONSE**: Undisputed.

7. The Governor's proclamation set forth 4 specific items for the General Assembly to consider and act upon. All four items dealt with certain DUI laws and federal highway funds. The proclamation set forth no additional purposes for the session. (Amended Complaint ¶ 46; Amended Answer ¶ 46; Governor's Proclamation, attached as Exhibit A to the Amended Complaint).

**RESPONSE:** Undisputed.

8. The Governor's Proclamation did not mention or reference Rep. Durham or an expulsion in any manner. (Governor's Proclamation, attached as Exhibit A to the Amended Complaint).

**RESPONSE**: Undisputed.

9. On September 13, 2016, during the special session on federal highway funds, Rep. Susan Lynn made a motion to expel Jeremy Durham from the House of Representatives. (Amended Complaint ¶ 53; Amended Answer ¶ 53).

**RESPONSE**: Undisputed.

10. During the special session on federal highway funds, the House voted 70-2 to expel Rep. Durham. Mr. Durham was not present for the vote. (Amended Complaint, ¶ 56; Amended Answer ¶ 56).

RESPONSE: Undisputed, but Defendants note Mr. Durham was not present for the vote because he voluntarily left the House chamber. (*See* Resp. to Defs.' First Set of Requests for Admission 11, attached as Exhibit B to Defendants' Supplemental State of Undisputed Material Facts.)

11. There were ninety-nine members of the House. Four members of the House were absent for the expulsion vote. Another twenty-three abstained from voting on the expulsion. (*See* Dave Boucher & Joel Ebert, Jeremy Durham Expelled from Tennessee House in 70-2 Vote, Tennessean, September 13, 2016, available online at https://www.tennessean.com/story/news/politics/2016/09/13/house-prepares-jeremy-durhamexpulsion-vote/90127546/)

**RESPONSE**: Undisputed.

12. On September 26, 2016, after the expulsion, Mr. Durham received correspondence from Defendant Ridley's office stating that his health insurance coverage would end on September 30, 2016 and that the decision was made by Defendant Martin in consultation with Defendant Attorney General Slatery. (Amended Complaint, ¶ 61; Amended Answer ¶ 61; Letter from Connie Ridley, attached as Ex. B to Amended Complaint).

**RESPONSE**: This citation is to a document that is not present in the record. "Letter from Connie Ridley, attached as Ex. B. to Amended Complaint" was not attached to the Amendment Complaint. Exhibit B is an email from Benefits Administration. *See* DE 33-2. Accordingly, as this assertion of fact is not supported by citation to the record, it fails to comply with Local Rule 56.01(b), and no response should be necessary. However, Defendants do not dispute that Mr. Durham received an email from the Benefits Administration on September 26, 2016 as described.

13. Mr. Durham's health insurance coverage ended on September 30, 2016. (Letter from Connie Ridley, attached as Ex. B to Amended Complaint).

**RESPONSE**: This citation is to a document that is not present in the record. "Letter from Connie Ridley, attached as Ex. B. to Amended Complaint" was not attached to the Amendment Complaint. Exhibit B is an email from Benefits Administration. *See* DE 33-2. Accordingly, as this assertion of fact is not supported by citation to the record, it fails to comply with Local Rule 56.01(b), and no response should be necessary. However, Defendants do not dispute that Mr. Durham's health insurance coverage ended on September 30, 2016.

14. Mr. Durham has standing to sue the named Defendants as the deprivation of his protected property interest is traceable to the conduct of the Defendants. (*Durham v. Martin, et. al*, 905 F.3d 432, 433 (6th Cir. 2018)).

**RESPONSE**: Undisputed that the Sixth Circuit found that Mr. Durham had standing to sue. Disputed that the Sixth Circuit found that Mr. Durham has a protected property interest.

15. Defendants decided that Mr. Durham is not entitled to the lifetime health benefits. (*Durham v. McWorter et. al*, 789 Fed. Appx 533, 534 (6th Cir. 2020)).

**RESPONSE**: Disputed as stated. Defendant Martin determined Mr. Durham was not entitled to retiree health benefits in consultation with the Tennessee Attorney General.

16. Prior to the special session, Mr. Durham had been the subject of an investigation and report from the Tennessee Attorney General's office. (See Report, available online at https://www.documentcloud.org/documents/2993307-Final-Report-Into-Inappropriate-Conduct-Rep.html).

**RESPONSE**: Undisputed.

17. Mr. Durham was not given a copy of the Attorney General's report until it was released to the public.

**RESPONSE**: Defendants object to this assertion of fact as it fails to comply with the applicable local rules governing summary judgment. *See* Local Rule 56.01(b). Pursuant to the Local Rule, "[e]ach fact *must* be supported by specific citation to the record." (emphasis added). Failure to comply with the Local Rule does not "enable the opposing party to meaningfully admit or dispute factual assertions," and does not "'assist the Court in ascertaining whether there are any material facts in dispute.'" *Murdock v. Bruce*, No. 3:12-cv-1244, 2016 WL 2621630 (M.D. Tenn. May 9, 2016).

18. The Attorney General's report cited anonymous sources and referenced individuals as Jane Does, which precluded Mr. Durham from knowing the identities or substance of testimony of those who spoke with the Attorney General's office. (See Report, available online at https://www.documentcloud.org/documents/2993307-Final-Report-Into-Inappropriate-Conduct-Rep.html).

**RESPONSE**: Disputed. Sources were left anonymous in the report to prevent the identity of witnesses becoming public knowledge in order to protect witnesses who came forward. However, the "substance" of their testimony is contained in the report itself and therefore Mr. Durham had knowledge of the allegations made against him since at least July 13, 2016. Additionally, Mr. Durham was able to ascertain the identity of the witnesses and indeed indicated on multiple occasions that he did know the identity of the witnesses, including while addressing the House prior to the expulsion vote. *See* Defs.' Supplemental Statement of Undisputed Facts # 30. Further, Mr. Durham claimed to have a binder containing evidence that would exonerate him of many of the claims made against him in the report, demonstrating he was aware of both the allegations against him and who made them. However, Mr. Durham, despite having an opportunity to do so, did not produce any of this evidence. *Id.*

6

Case 3:17-cv-01172   Document 69   Filed 09/25/20   Page 6 of 10 PageID #: 433

19. Prior to the expulsion vote, Mr. Durham briefly addressed the House and answered certain questions posed to him.

**RESPONSE**: Defendants object to this assertion of fact as it fails to comply with the applicable local rules governing summary judgment. *See* Local Rule 56.01(b). Pursuant to the Local Rule, "[e]ach fact *must* be supported by specific citation to the record." (emphasis added). Failure to comply with the Local Rule does not "enable the opposing party to meaningfully admit or dispute factual assertions," and does not "'assist the Court in ascertaining whether there are any material facts in dispute.'" *Murdock v. Bruce*, No. 3:12-cv-1244, 2016 WL 2621630 (M.D. Tenn. May 9, 2016).

Furthermore, Defendants dispute this fact as stated. Mr. Durham was given an opportunity to address the House. Mr. Durham spoke for approximately 13 minutes before voluntarily concluding his statements. Debate on the motion remained open for an additional hour, during which time members of the House could pose questions to Mr. Durham. At some point during this hour-long debate and before the House voted, Mr. Durham voluntarily left the chamber. Some members of the House were therefore unable to ask Mr. Durham questions they had prepared to ask Mr. Durham which would have afforded him additional opportunity to produce argument and evidence in his favor. *See* Defs.' Supplemental Statement of Undisputed Material Facts # 27-29.

20. Mr. Durham has never been convicted of a felony.

**RESPONSE**: Defendants object to this assertion of fact as it fails to comply with the applicable local rules governing summary judgment. *See* Local Rule 56.01(b). Pursuant to the Local Rule, "[e]ach fact *must* be supported by specific citation to the record." (emphasis added). Failure to comply with the Local Rule does not "enable the opposing party to meaningfully admit or dispute factual assertions," and does not "'assist the Court in ascertaining whether there are any material

7

facts in dispute.'" *Murdock v. Bruce*, No. 3:12-cv-1244, 2016 WL 2621630 (M.D. Tenn. May 9, 2016).

21. Prior to the special session, Mr. Durham had already publicly announced that he would not be running for reelection. (Amended Complaint, ¶ 42; Amended Answer ¶ 42).

**RESPONSE**: Undisputed, however Defendants note that Mr. Durham's name remained on the ballot for the August 2016 primary and he was defeated by a challenger. (Amended Complaint, ¶ 42, *see also* Defs.' Supplemental Statement of Undisputed Facts # 33).

22. The aforementioned letter to Mr. Durham from Defendant Ridley dated September 30, 2016 did not provide any process for a hearing or to otherwise appeal the decision, did not provide any indication that the decision was pending, and did not explain the reasoning for a deviation from Tennessee law. (Amended Complaint, ¶ 61; Amended Answer ¶ 61; Letter from Connie Ridley, attached as Ex. B to Amended Complaint).

**RESPONSE**: Defendants object to this assertion of fact as it fails to comply with the applicable local rules governing summary judgment. *See* Local Rule 56.01(b). Pursuant to the Local Rule, "[e]ach fact *must* be supported by specific citation to the record." (emphasis added). Failure to comply with the Local Rule does not "enable the opposing party to meaningfully admit or dispute factual assertions," and does not "'assist the Court in ascertaining whether there are any material facts in dispute.'" *Murdock v. Bruce*, No. 3:12-cv-1244, 2016 WL 2621630 (M.D. Tenn. May 9, 2016).

23. Prior to issuing its report, the Attorney General's office told Mr. Durham that he could answer questions from their investigators without his own attorney present, but the Attorney General's office did not allow Mr. Durham to know the nature of the allegations against him or the identify of any accusers in advance of his meeting with them to answer questions.

8

**RESPONSE:** Defendants object to this assertion of fact as it fails to comply with the applicable local rules governing summary judgment. *See* Local Rule 56.01(b). Pursuant to the Local Rule, "[e]ach fact *must* be supported by specific citation to the record." (emphasis added). Failure to comply with the Local Rule does not "enable the opposing party to meaningfully admit or dispute factual assertions," and does not "'assist the Court in ascertaining whether there are any material facts in dispute.'" *Murdock v. Bruce*, No. 3:12-cv-1244, 2016 WL 2621630 (M.D. Tenn. May 9, 2016).

Respectfully submitted,

HERBERT H. SLATERY III
Attorney General and Reporter

/s Janet M. Kleinfelter
JANET M. KLEINFELTER (BPR 13889)
Deputy Attorney General
Janet.kleinfelter@ag.tn.gov
(615) 741-7403

KELLEY L. GROOVER (BPR 34738)
Assistant Attorney General
Public Interest Division
Office of Tennessee Attorney General
P.O. Box 20207
Nashville, TN 37202-20207

9

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 25 day of September, 2020 a copy of the above document has been served upon the following persons by Electronic Case Filing (ECF) System:

William L. Harbison
Michael G. Abelow
Amy R. Mohan
Eric G. Osborne
150 3rd Avenue South, Suite 1100
Nashville, TN 37201
bharbison@srvhlaw.com
mabelow@srvhlaw.com
amohan@srvhlaw.com
eosborne@srvhlaw.com

James F. Sanders
William J. Harbison II
1201 Demonbreun Street, Suite 2000
Nashville, TN 37203
jsanders@nealharwell.com
jharbison@nealharwell.com

                                        /s/ Janet M. Kleinfelter_____
                                        JANET M. KLEINFELTER
                                        Deputy Attorney General