IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEREMY R. DURHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-01172 |
| ) | Judge Aleta A. Trauger |
| BUTCH ELEY, as Commissioner of ) | |
| Finance and Administration, in his ) | |
| official capacity, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

The December 16, 2020 Order denying the plaintiff's Motion for Summary Judgment put the parties on notice that the court would grant summary judgment in favor of the defendants unless the plaintiff showed cause by January 8, 2021 why judgment should not be entered in favor of the defendants. (Doc. No. 75.) In response to that directive, the plaintiff has filed a Motion to Reconsider and supporting Memorandum (Doc. Nos. 76, 77), arguing that (1) the court's determination that the plaintiff had not established that post-deprivation remedies were futile violates the "law of the case" doctrine, insofar as it conflicts with the court's earlier repeated assertions that, because the plaintiff did not "retire" from the state legislature, he was not entitled by state law to continued health insurance benefits and, therefore, that pursuit of a claim under the state's Administrative Procedures Act ("APA") would not have provided relief; and (2) the plaintiff had a right to pre-deprivation process before being deprived of his right to health insurance, in the form of adequate process related to his expulsion from the state legislature, regardless of whether he had a protected property interest in his elected office, *per se*. The

defendants have filed a Response (Doc. No. 80), and the plaintiff filed a Reply (Doc. No. 81).

As set forth herein, the motion will be denied.

## I. STANDARD OF REVIEW

Under Rule 59, a court may alter or amend a judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010); *Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). However, a motion under Rule 59(e) is not a vehicle for presenting new legal arguments that could have been raised before a judgment was issued. *Roger Miller Music*, 477 F.3d at 395; *see also Leisure Caviar*, 616 F.3d at 616 (noting that a movant "cannot use a Rule 59 motion to raise arguments which could, and should, have been made before judgment issued"). Critically, "[a] motion under Rule 59(e) is not an opportunity to reargue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Likewise, a Rule 59(e) motion "should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence." *Kenneth Henes Special Projects Procurement v. Cont'l Biomass Indus.*, 86 F. Supp. 2d 721, 726 (E.D. Mich. 2000) (citation omitted).

"The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." *Scotts Co. v. Cent. Garden & Pet Co.*, 403 F.3d 781, 788 (6th Cir. 2005) (citation and internal quotation marks omitted), *abrogated on other grounds*, *Allied Indus. Scrap, Inc. v. OmniSource Corp.*, 776 F.3d 452 (6th Cir. 2015).

## II. DISCUSSION

The plaintiff submits that reconsideration is warranted in this case in order to correct clear error, insofar as the court's opinion is contrary to the law of the case. The court is not persuaded

that the ruling on the plaintiff's Motion for Summary Judgment is contrary to the "law of the case." As the defendant points out, the previous ruling to which the plaintiff refers was on a motion to dismiss under Rule 12(b)(6). In that context, the court concluded that the plaintiff had stated a claim for which relief can be granted. Any finding beyond that necessary to reach that conclusion qualifies as dictum. *Freed v. Thomas*, 976 F.3d 729, 738 (6th Cir. 2020). ("A 'holding' is [a] court's determination of a matter of law pivotal to its decision. And dictum is anything not necessary to the determination of the issue on appeal." (internal quotation marks and citations omitted)).

The court has not backtracked on its former conclusions that, "[a]s a matter of simple statutory construction, . . . the term 'retirement' does not encompass an involuntary expulsion from the legislature" and, therefore, that "the denial of continued coverage because the plaintiff had not 'retired' . . . was reasonable based on existing law." *Durham v. Martin*, 388 F. Supp. 3d 919, 941, 943 n.11 (M.D. Tenn. 2019). The court, indeed, found that the plaintiff stated a claim for which relief may be granted based on his allegation that "the administrative decision to deny Durham health benefits because he did not 'retire' from the General Assembly, in all likelihood, would have been found to be a reasonable interpretation of the applicable statutes." *Id.* at 943. In a footnote, the court observed that, since it was clear at "that juncture"—the ruling on the motion to dismiss—that the state officials' interpretation of state law was reasonable, the APA "would not have provided relief." *Id.* at 943 n.11. This court's interpretation of Tennessee law, however, is certainly not binding on any Tennessee tribunal, administrative or judicial. As a result, aside from the fact that this statement was dictum, the court likely should have stated more clearly that pursuing post-deprivation remedies under the APA *may* not have provided relief.

Regardless, in the context of ruling on the Motion for Summary Judgment, as the court explained, the plaintiff, if he had pursued available post-deprivation remedies, would have had the opportunity to argue, at a minimum, that

> his ouster, and therefore his change in status, was illegal. He also could have argued to these different decision-makers that the interpretation of state law by these defendants [and, implicitly, this court] is wrong. He has not shown that a finding in his favor on these issues would not have permitted state authorities to reinstate his benefits, even if they did not have the power to reinstate him to his elected office.

*Durham v. Eley*, No. 3:17-cv-01172, 2020 WL 7385277, at *9 (M.D. Tenn. Dec. 16, 2020) (emphasis in original). This conclusion did not violate any "law of the case," and the court finds that reconsideration on this basis is not warranted.

Regarding the plaintiff's second argument, the court notes that the plaintiff's position all along has been that he had a protected property interest in his elected office, of which he was deprived without due process and which led to the deprivation of his right to continued health insurance coverage. The court has concluded that the plaintiff's expulsion from the legislature did not violate his right to due process, because he did not have a protected interest in his elected office, regardless of what effect the expulsion might have on his other benefits. The plaintiff's suggestion now appears to be that the legislature owed him due process before expelling him (pre-deprivation process) *because* that allegedly unlawful expulsion led to the deprivation of his protected interest in health insurance coverage. But the members of the Tennessee House of Representatives are not defendants in this case. The question is whether the *defendants* (in their official capacity) deprived the plaintiff of due process, and the defendants themselves had no involvement in the plaintiff's expulsion. To the extent this is a new argument, the court declines to consider it.

## III. CONCLUSION AND ORDER

The plaintiff's Motion to Reconsider this Court's Order Dated December 16, 2020 (Doc. No. 76) is **DENIED**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge